IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EMILY HIZER, on her own behalf and on behalf of a class of those similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>PULASKI COUNTY, INDIANA,<br><br>        Defendant. | )<br>)<br>)<br>)<br>) Cause No. 3:16-cv-885-TLS-MGG<br>)<br>)<br>)<br>)<br>) |

## Defendant's Response to Plaintiff's Motion for Class Certification

Defendant, Pulaski County, by counsel, now files its Response to Plaintiff's Motion for Class Certification and supporting memorandum and, in support thereof, states as follows:

1. On January 4, 2017, Plaintiff filed her Motion for Class Certification along with a memorandum in support of that Motion. (Dkt. Nos. 4, 5.)

2. In that Motion, Plaintiff defines the class as:

[A]ll persons with mobility impairments or other physical disabilities who access or attempt to access, or who will access or attempt to access, the Pulaski County Courthouse.

(Dkt. No. 4 ¶ 2.)

3. A district court may certify a case for class-action treatment only if: (1) it satisfies the four requirements of Federal Rule of Civil Procedure 23(a)—numerosity, commonality, typicality, and adequacy of representation—and (2) <u>one</u> of the conditions of Rule 23(b). *See* Fed. R. Civ. P. 23; *see also Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 493 (7th Cir. 2012).

4. In addition, a class must be sufficiently definite that its members are ascertainable. *Jamie S.*, 668 F.3d at 493; *Oshana v. Coca–Cola Co.,* 472 F.3d 506, 513 (7th Cir. 2006); *Simer v. Rios,* 661 F.2d 655, 669 (7th Cir. 1981).

5. Plaintiff argues that the class definition is sufficient to make class member ascertainable. Further, Plaintiff claims that the class meets all the requirements of Federal Rule of Civil Procedure 23(a). (Dkt. No. 4 ¶ 3.)

6. Plaintiff also seeks certification of the class under Rule 23(b)(2), alleging that Pulaski County "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole…." Fed. R. Civ. P. 23(b)(2).

**Pulaski County does not oppose class certification.**

7. Pulaski County does not oppose certification of the class identified by Plaintiff in her Motion.

8. Pulaski County does not oppose Plaintiff's contention that the class is sufficiently ascertainable so that members of the class can be identified.

9. While Pulaski County does not admit or concede that Plaintiff's claims will be or should be successful, Pulaski County also does not oppose Plaintiff's contention that she meets the requirements of Rule 23(a) as to numerosity, typicality, commonality, and adequacy of representation.

10. As to the requirements of Rule 23(b)(2), Pulaski County does not oppose Plaintiff's contention either.

11. "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or

declared unlawful only as to all of the class members or as to none of them." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360, (2011) (internal quotations omitted).

12. Here, Plaintiff seeks injunctive relief that would provide the same relief to the whole class. Plaintiff has specifically requested that this Court "[d]eclare that defendant has violated federal law for the reasons noted above [in the Complaint]" and "[e]nter a permanent injunction requiring defendant to insure (sic) that the Pulaski County Courthouse is fully accessible to persons with disabilities as required by federal law." (Dkt. No. 1 at 13.)

13. Pulaski County does not admit or concede that it "acted or refused to act" in a way that "violated federal law." Pulaski County also does not admit or concede that Plaintiff is, in fact, entitled to actual "final injunctive relief or corresponding declaratory relief" in this matter.

14. But, Pulaski County does acknowledge that injunctive remedy—bringing the elevator and the bathrooms at the Pulaski County Courthouse into compliance with the Americans with Disabilities Act, if necessary—would provide relief to the entire class without any individualized relief. As a result, Pulaski County agrees that Plaintiff meets the requirements of Rule 23(b)(2).

For the foregoing reasons, Pulaski County does not oppose class certification in this case.

Respectfully submitted,

FROST BROWN TODD LLC

By: */s/Alexander P. Will*
    Anthony W. Overholt
    Alexander P. Will
    Attorneys for Defendant Pulaski County,
    Indiana

3

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 15th day of March, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

| | |
|---|---|
| Kenneth J. Falk<br>ACLU of Indiana<br>1031 E. Washington Street<br>Indianapolis, IN 46202<br>kfalk@aclu-in.org | Kevin C Tankersley<br>Tankersley Law Office<br>115 West Main Street<br>PO Box 363<br>Winamac, IN 46996-0363<br>Kevin@tanklaw.com |

*/s/Alexander P. Will*

FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN  46244-0961
317-237-3800
Fax: 317-237-3900
aoverholt@fbtlaw.com
awill@fbtlaw.com

0135525.0644609   4811-9364-3333v2