UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EMILY HIZER, on behalf of herself and on behalf of a class of those similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 3:16-CV-885-JD-MGG ) |
| PULASKI COUNTY, INDIANA, | ) ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on a Motion for Class Certification filed by Plaintiff Emily Hizer ("Plaintiff"). [DE 4] Defendant Pulaski County ("Defendant") does not oppose certification of the Plaintiff's proposed class. [DE 20] Also pending is Plaintiff's Motion to Submit Evidentiary Material in support of her Motion for Class Certification. [DE 23] Plaintiff's Motion to Submit Evidentiary Material is granted as unopposed. As to the Motion for Class Certification, for the reasons stated herein, the Court will grant the Motion, approve the Proposed Class, and appoint class counsel. The Court will lastly direct the parties to submit a proposed notice to class members for review and approval.

### I. FACTS

Plaintiff presents a claims on her own behalf, and on the behalf of those similarly situated, for a violation of both the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12131, et seq., and the Rehabilitation Act, 29 U.S.C. § 794. [DE 1 ¶¶ 1, 89] The Pulaski County Courthouse is a three-story building located in the county seat of Winamac, Indiana. [DE 1 ¶¶ 24-25] The first floor of the Courthouse includes the offices of the County Assessor and County Surveyor, the second floor of the Courthouse holds the offices of the County Auditor, County

1

Treasurer, and the Clerk of the Courts, and the third floor of the Courthouse houses the Pulaski Circuit Court, including its offices and the courtroom. *Id.* ¶¶ 25-26, 29. The Pulaski County Commissioners also meet several times per month on the third floor of the Courthouse. *Id.* ¶¶ 27-28.

The floors of the Pulaski County Courthouse are connected by a stairway as well as an elevator. *Id.* ¶ 30. The elevator's dimensions measure approximately 3 feet by 4 feet, and it requires manual operation by way of holding a button to make it move up or down. *Id.* ¶¶ 37, 41. The elevator does not contain an automatic door and instead must be opened manually. *Id.* ¶ 33.

The Courthouse's public restrooms are located on the first floor. *Id.* ¶ 58. Plaintiff alleges that the entrances to these restrooms are not wide enough for a person in a wheelchair to be able to enter them, nor are the stalls in the restrooms large enough for a person with a physical disability to maneuver within. *Id.* ¶¶ 59, 61.

Plaintiff allegedly lives in Winamac, Indiana, and has multiple sclerosis, which requires her to use a motorized scooter for mobility. *Id.* ¶¶ 63, 65-66. For various reasons, Plaintiff alleges that she is frequently required to visit the Courthouse: she works as a legal assistant for her father, which necessitates her access to the Clerk's office and other parts of the Courthouse; and she sits on the ADA Board, which meets regularly on the first floor of the Courthouse. *Id.* ¶¶ 67-71. Based on her physical condition and the structural characteristics of the Courthouse's elevator and public restrooms, Plaintiff alleges that she has great difficulty in accessing the government services provided at the Courthouse and that other persons with physical disabilities experience the same issue. *Id.* ¶ 1.

This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331.

## II. ANALYSIS

Rule 23 of the Federal Rules of Civil Procedure governs the certification of class actions in federal court. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 2548, 180 L. Ed. 2d 374 (2011). Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate. *Id.* at 2550. Rule 23(a)'s four requirements—numerosity, commonality, typicality, and adequacy—effectively limit the class claims to those fairly encompassed by the named plaintiff's claims. *Id*. (citations and internal quotations omitted). If all of these prerequisites are met, a court must also find that at least one of the subsections of Rule 23(b) is satisfied. In this case, Plaintiff seeks class certification under Rule 23(b)(2). Rule 23(b)(2) applies when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

"Failure to meet any of the Rule's requirements precludes class certification." *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008). The Plaintiff, as the party seeking class certification, assumes the burden of demonstrating that certification is appropriate. *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir. 1984); *Dukes,* 131 S. Ct. at 2551 ("A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc.").

A district court has broad discretion to determine whether certification of a class action lawsuit is appropriate. *Arreola*, 546 F.3d at 794. The United States Supreme Court has made clear, however, that the district court is to perform a "rigorous analysis" to determine that the prerequisites of Rule 23 are satisfied when a class is to be certified because actual, not presumed, conformance with Rule 23(a) remains indispensable. *Dukes*, 131 S. Ct. at 2551–52 (citing *Gen.*

*Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160–61 (1982)). Frequently, that "rigorous analysis" will entail some overlap with the merits of the plaintiff's underlying claim, and this cannot be helped. *Id*. (noting that sometimes *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974), is mistakenly cited for the proposition that the merits of the claims for relief may not be considered in adjudicating the motion for class certification, and clarifying that such a proposition is "the purest dictum and is contradicted by other cases"). The purpose of the "rigorous analysis" is not to test the merits of the claim, however, but to determine whether the claim meets the requirements of Rule 23(a). *See Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 677 (7th Cir. 2001). "In conducting this analysis, the court should not turn the class certification proceedings into a dress rehearsal for the trial on the merits." *Messner v. Northshore Univ. Healthsys.*, 669 F.3d 802, 811 (7th Cir. 2012). However, "[i]f there are material factual disputes, the court must 'receive evidence . . . and resolve the disputes before deciding whether to certify the class.'" *Id.* (alteration in original) (citing *Szabo*, 249 F.3d at 676).

Importantly, a district court must conduct its own independent inquiry under the "rigorous analysis" standard even where, as here, neither party opposes certification. *See Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc*., 725 F.3d 1213, 1217, 1219 (10th Cir. 2013) (district court has independent obligation to conduct rigorous analysis to determine whether requirements of both Fed. R. Civ. P. 23(a) and (b) have been met); *Valley Drug Co. v. Geneva Pharms., Inc*., 350 F.3d 1181, 1188 (11th Cir. 2003) (district court abused its discretion when it failed to make complete independent inquiry, and wrongly certified class after finding only that defendants had "not seriously contested" that plaintiff had met requirements of Fed. R. Civ. P. 23(a)).

**A.     Standing**

The Rule 23 analysis is distinct from the issue of standing, however.  "That a suit may be a class action … adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.'" *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 40 n. 20, 96 S. Ct. 1917, 48 L. Ed. 2d 450 (1976) (quoting *Warth v. Seldin*, 422 U.S. 490, 502, 95 S. Ct. 2197 (1975)); *see also* Herbert Newberg et al., *Newberg on Class Actions* § 3:15 (5th ed. 2012) ("[S]tanding is one of the keys necessary to open the door to the federal courthouse.  Rule 23 merely provides a procedural doorstop which holds the door open for qualified class members, once it has been opened by the person or persons initially seeking entry.") (citations omitted).  But, while standing is a prerequisite for the named Plaintiff, the passive class action members (once the lawsuit is certified as such), "need not make any individual showing of standing because the standing issue focuses on whether the named plaintiff is properly before the court, not whether represented parties or absent class members are properly before the Court."  Newberg § 2:3.

Just like any other individual, a class representative's standing is measured by the test articulated in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).  Plaintiff must demonstrate that she (1) has suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Id.*, at 560-61, 112 S. Ct. 2130.  Here, Plaintiff has sufficiently alleged standing.  Plaintiff suffers from a physical disability.  Her job as a legal assistant and her involvement on the County's ADA Board require her to frequently visit the Courthouse, and she is therefore repeatedly subjected to embarrassment and an enhanced burden when having to

manage the Courthouse's allegedly inaccessible features, namely the elevator and public restrooms.  [DE 1 ¶¶ 65-72]

Because Plaintiff has standing to sue, the Court now turns to the issue of certification.

**B.     Class Certification**

Rule 23(a) sets four requirements: numerosity, commonality, typicality, and adequacy of representation.  "A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Dukes,* 131 S. Ct. at 2551.  As discussed above, the Court is to perform a "rigorous analysis" to determine that the prerequisites of Rule 23 are satisfied when a class is to be certified because actual, not presumed, conformance with Rule 23(a) remains indispensable.  *Id.* at 2551–52 (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160–61 (1982)).  Frequently, that "rigorous analysis" will entail some overlap with the merits of the plaintiff's underlying claim, and this cannot be helped.  *Id*.  A district court has broad discretion to determine whether certification of a class action lawsuit is appropriate. *Arreola*, 546 F.3d at 794.

Here, Plaintiff seeks to certify the following class (the "Proposed Class"):

> [A]ll persons with mobility impairments or other physical disabilities who access or attempt to access, or who will access or will attempt to access, the Pulaski County Courthouse.

[DE 4 at 1]  In order for the Court to certify the Proposed Class, Plaintiff must establish that each of the four Rule 23(a) elements has been met and that at least one of the Rule 23(b) elements has been satisfied.  In addition, the Seventh Circuit "and other courts have long recognized an implicit requirement under Rule 23 that a class must be defined clearly and that membership be defined by objective criteria rather than by, for example, a class member's state of mind." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 657 (7th Cir. 2015), *cert. denied*, 136 S. Ct. 1161

(2016). To apply this "ascertainability standard," the Court must ensure "that the class definition satisf[ies] the established meaning of ascertainability by defining classes early and with objective criteria." *Id*. at 672.

Accordingly, the Court now turns to examine the Proposed Class under Rule 23.

### 1. Ascertainability

The ascertainability requirement does not mean that all members of a class must be identifiable at the time of certification. *Id*. at 662-72 (rejecting a "heightened ascertainability" standard). "If the general outlines of the membership of the class are determinable at the outset of the litigation, a class will be deemed to exist." 7A Wright & Miller, Federal Practice and Procedure § 1760 (3d ed.).

Here, the class meets the requirement that it be ascertainable. The class is defined using objective criteria – persons with mobility impairments or other physical impairments who are attempting, or who will attempt, to access the Pulaski County Courthouse. *See, e.g., Matamoros v. Starbucks Corp*., 699 F.3d 129, 139 (1st Cir. 2012) ("The class is ascertainable under the objective standard of job titles and includes those who worked as baristas during the class period. The presence of such an objective criterion overcomes the claim that the class is unascertainable.").

Plaintiff outlines in her complaint the ways that the Courthouse is allegedly not accessible due to the layout of its restrooms and elevator. These are impediments that will be burdensome to many persons who are mobility impaired and who have other physical limitations.

### 2. Rule 23(a)(1): Numerosity

The first requirement under Rule 23(a) is that the purported class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). To be impracticable, joinder

7

need not be impossible, but instead must be shown to be inconvenient and difficult. *See Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993); *Gomez v. Illinois State Bd. of Ed.*, 117 F.R.D. 394, 398–99 (N.D. Ill. 1987). When determining if joinder of all class members is impracticable, courts often consider many factors, including: the class size; judicial economy arising from the avoidance of a multiplicity of actions; the ease of identification of members of the proposed class; the geographic dispersion of class members; the size of each plaintiff's claim; the financial resources of the class members; the ability of claimants to institute individual suits; any requests for prospective injunctive relief which would involve future class members; and any other factors relevant to the practicability of joining all the class members. Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 3:6 (2002 & Supp. 2011); *see also Gomez*, 117 F.R.D. at 399 (listing some similar factors). "Mere speculation" and "conclusory allegations" of the class size will not support a finding that joinder is impractical. *Arreola*, 546 F.3d at 797; *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989). A court must rely on simple common sense when determining whether a class size meets the numerosity requirement. *See Flood v. Dominguez,* 270 F.R.D. 413, 417 (N.D. Ind. 2010) (citing *Redmon v. Uncle Julio's of Ill., Inc.,* 249 F.R.D. 290, 294 (N.D. Ill. 2008)).

The Proposed Class in this case consists of persons with physical disabilities who access or attempt to access the Courthouse, or who will attempt to do so in the future. Even without taking into account those who will attempt to access the Courthouse in the future, Plaintiff maintains that, at this time, the exact size of the Proposed Class is uncertain and it may be impossible, even after discovery, to identify the exact number of persons in the class. However, as an active member of the disability community in Pulaski County, and as a member of the County's ADA Board, Plaintiff is personally aware of "many persons with physical disabilities

who are not able to access or readily access the Courthouse because of the elevator and the bathrooms and the accessibility problems they pose." [DE 5-1 ¶¶ 8, 12]

To demonstrate numerosity, Plaintiff attaches her own affidavit in which she describes herself as a member of the Proposed Class based on her multiple sclerosis diagnosis and her experiences attempting to access the Courthouse. [DE 5-1] She also knows of at least two physically disabled individuals who have had difficulty accessing the Courthouse [DE 5-1 ¶ 13], and further submits several affidavits that describe the difficulties encountered by five disabled persons attempting to access the Courthouse – although, it is not clear whether any of these five affidavits describe the same persons noted by Plaintiff in her own affidavit. [DE 23-1; 23-2; 23-3; 23-4; 23-5] Plaintiff also notes that, in the past, she has run a support group for persons with multiple sclerosis, approximately 60 of whom were from Pulaski County. [DE 5-1 ¶ 15] According to Plaintiff, many of these people "have mobility impairments because of the disease and would have difficulty accessing or fully accessing the [Courthouse] because of the elevator and restrooms." *Id.*

To buttress the affidavits, Plaintiff submits statistical data from the United States Census Bureau and a 2014 status report from Cornell University on the prevalence of disabilities in Indiana. [DE 5-2; 5-3] As of July 1, 2015, the population of Pulaski County was 12,899. [DE 5-2] In 2014 the overall prevalence of disability in Indiana for institutionalized persons was 12.6% for persons aged 21 to 64, 27.2% for persons aged 65 to 74, and 51.8% for persons aged 75 or older. [DE 5-3] Persons with ambulatory difficulties were the largest percentage of non-institutionalized persons in Indiana with disabilities over the age of 21. *Id.* Among all ages of non-institutionalized persons in Indiana, 7.8% of the population reported having an ambulatory disability alone. *Id.* Plaintiff argues that these statewide statistics can be can be applied to Pulaski County, and she estimates that more than 1,000 people would have difficulty accessing

9

the Courthouse. [DE 5 at 5] Granted, this use of the statewide statistical data does not account for the possibility that Pulaski County has a lower percentage of persons with ambulatory disabilities than the statewide figure, but it also does not take into account persons living outside of Pulaski County who still need to access the Courthouse, nor does it include persons with non-ambulatory physical disabilities.

"It is well settled that a plaintiff need not allege the exact number or specific identity of proposed class members." *Newberg* § 3:15 (citing *Phipps v. Sheriff of Cook Cnty.*, 249 F.R.D. 298, 300 (N.D. Ill. 2008) (stating that the plaintiffs were "not required to allege the exact number of identify [sic] of the class members" and accepting the plaintiffs' estimate of the size of the class of wheelchair bound inmates who had been housed at the Cook County Correctional Department)). That said, a district court may examine statistical data and then draw inferences from the facts to determine whether the numerosity requirement has been met." *Pottinger v. City of Miami*, 720 F. Supp. 955, 958 (S.D. Fla. 1989). Several courts have taken census and statistical data into account when evaluating the numerosity requirement of Rule 23(a), and the Court will likewise consider the statistical estimates provided by Plaintiff. *See Brooklyn Ctr. for Independence of the Disabled v. Bloomberg*, 290 F.R.D. 409, 413, 418 (S.D.N.Y. 2012) (granting class certification where numerosity determined by census estimate of the number of persons with disabilities in New York City); *Kerrigan v. Philadelphia Bd. of Election*, 248 F.R.D. 470, 473-74 (E.D. Pa. 2008) (finding numerosity where named plaintiffs provided a good faith estimate of size of class of county voters with ambulatory disabilities); *Assoc. for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 473 n.15 (S.D. Fla. 2002) (finding numerosity requirement satisfied by census figures in ADA action).

As noted above, Plaintiff's Proposed Class also includes "all persons with mobility impairments … who *will* access or *will attempt* to access" the Courthouse. [DE 1 ¶ 9] (emphasis

added). These are "prospective" class members. Prospective class members are individuals whose claims may not yet have manifested themselves, such as, for example, "individuals who may work at a particular workplace or inhabit an institution (such as a jail or hospital) at a later time." Newberg § 3:15. But, the inclusion of these prospective class members does not cut against class certification; indeed, their presence may have a tendency to make certification more, not less, likely. *See id*. Indeed, prospective class members are difficult to count, and so courts generally relax the numerosity requirement "due to the difficulty in determining the number and identity of these future claimants." *Id.* (citing *Seuoka v. U.S.*, 101 Fed. Appx. 649, 653 (9th Cir. 2004); *J.D. v. Nagin*, 225 F.R.D. 406, 414 (E.D. La. 2009); *Hawker v. Consovoy*, 198 F.R.D. 619, 625 (D.N.J. 2001)). The Court agrees that the inclusion of prospective class members weighs in favor of numerosity.

In *Rosario v. Cook Cnty.*, 101 F.R.D. 659, 661 (N.D. Ill. 1983), the court determined that the nature of the relief, a declaration regarding the defendant's promotion procedures, and an injunction against continued use of certain procedures, would "necessarily affect the interests of future Hispanic applicants for sergeant." *See Valenti v. Hartford City, Indiana*, No. 1:15-CV-63-TLS, 2016 WL 5662097, at *4 (N.D. Oct. 3, 2016) (quoting 101 F.R.D. at 661). "Regardless of their number, the joinder of future alleged discriminatees is inherently impracticable." *Rosario*, 101 F.R.D. at 661. The same is true here with respect to persons with mobility impairments who attempt to access the Courthouse in the future. The relief sought, declaratory and injunctive relief, would impact future class members, and "[s]uch future members make joinder inherently impracticable because there is no way to know who they will be." *Olson v. Brown*, 284 F.R.D. 298, 408 (N.D. Ind. 2012).

"The Court may use common sense assumptions to support a finding of numerosity." *Kerrigan*, 248 F.R.D. at 474. Plaintiff states that many people with physical disabilities live in

11

Pulaski County, and the statistics provided indicate that that number may very well be in excess of 1,000 individuals. Common sense dictates that when a proposed class is this large, "joinder of all would be impracticable …." *Id.* (quoting *Stewart v. Assocs. Consumer Disc. Co.*, 183 F.R.D. 189, 194 (E.D. Pa. 1998)). Therefore, the number of potential class members, as well as the judicial inefficiency of attempting to try a case with so many individual plaintiffs and future class members, convinces the Court that the class is so numerous as to make joinder impracticable.

### 3. Rule 23(a)(2): Commonality

The second requirement under Rule 23(a) is that the plaintiff must show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014). Claims of individual class members may also be common if they arise from a "common nucleus of operative fact," which is usually satisfied where the defendant engaged in standardized conduct towards members of the proposed class. *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). Class certification cannot be defeated simply because there are some factual variances among the proposed members. *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992); *see also Dukes*, 131 S. Ct. at 2556.

With respect to the Proposed Class, Plaintiff argues that "[i]n this case all class members are faced with a courthouse that is not properly accessible." [DE 5 at 9] Furthermore, Plaintiff's allegation that the conditions at the Courthouse violate the ADA and Rehabilitation Act "poses a question of law that is common to the class. The determination of that contention 'will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Valenti*, 2016 WL

5662097, at *5 (quoting *Dukes*, 131 S. Ct. at 2545). Therefore, commonality is established with respect to the Proposed Class.

### 4. Rule 23(a)(3): Typicality

The third requirement under Rule 23(a) is that the plaintiff must show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . are based on the same legal theory." *Livaditis*, 963 F.2d at 1018. Even though some factual variations may not defeat typicality, the requirement is meant to ensure that the named representative's claims have the same essential characteristics as the claims of the class at large. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006). As the Supreme Court has noted, this requirement is intertwined with the commonality requirement:

> [t]he commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so inter-related that the interests of the classmembers will be fairly and adequately protected in their absence.

*Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n.13 (1982).

With respect to the Proposed Class, Plaintiff maintains that all putative class members are affected by the accessibility problems at the Courthouse. Indeed, her "claims have the same essential characteristics as the claims of the class at large." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). Accordingly, it appears that Plaintiff's claims are typical of the Proposed Class, in that each of those claims are based on the same legal theory that the Courthouse's alleged inaccessibility constitutes a violation of the ADA and the Rehabilitation Act. Therefore, typicality is established with respect to the Proposed Class.

13

### 5. Rule 23(a)(4): Adequacy of Representation

The final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy of representation is composed of two parts: "the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest" of the class members. *Retired Chicago Police Ass'n v. City of Chi.*, 7 F.3d 584, 598 (7th Cir. 1993). "A class is not fairly and adequately represented if class members have antagonistic or conflicting claims." *Livaditis*, 963 F.2d at 1018. The class representative's interest must be such that she can and will vigorously pursue the class's interests as well as her own. *See, e.g., Streeter v. Sheriff of Cook Co.*, 256 F.R.D. 609, 613 (N.D. Ill. 2009). And, counsel for the named plaintiff must be experienced and qualified and generally be able to conduct the litigation. *See Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1981).

The Court finds that Plaintiff is adequate to represent the interests of the Proposed Class. The claims of Plaintiff are identical to those of the other members of the Proposed Class and there is no evidence of any unique defense or circumstance that would cause conflict between Plaintiff and the other members of the Proposed Class. The relief she seeks "is not inconsistent in any way with the interests of the members of the class." *Jones v. Blinziner*, 536 F. Supp. 1181, 1190 (N.D. Ind. 1982). Likewise, due to her frequent need to access the Courthouse, she has a stake in these proceedings that will "insure diligent and thorough prosecution of the litigation." *Rodriguez v. Swank*, 318 F. Supp. 289, 294 (N.D. Ill. 1970), *aff'd*, 496 F.2d 1110 (7th Cir. 1974).

With respect to the adequacy of class counsel, the Court agrees that counsel is certainly skilled and experienced in this type of litigation, and has appeared before this Court in similar

circumstances. Counsel has evidenced his skill in the past by successfully appealing matters before this Court and following its rules in seeking to certify classes. *See, e.g.*, *Olson*, 284 F.R.D. at 413. Mr. Falk also personally represents that he is skilled and experienced in this type of litigation, and that his employer, the ACLU of Indiana, has the resources and ability to vigorously litigate the matter. [DE 5 at 10] The Court believes that named counsel will work for the benefit of the proposed class in seeking relief that will protect the rights of class members both known and to become known. The Court is therefore satisfied that Mr. Falk will be an adequate representative of the Proposed Class.[1]

### 6. Rule 23(b)(2): Common Grounds for Injunctive and Declaratory Relief

Plaintiff requests that her prayer for declaratory relief be certified under Rule 23(b)(2). Rule 23(b)(2) covers cases where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *See Lemon v. Int'l Union of Operating Eng'rs, Local No. 139, AFL-CIO*, 216 F.3d 577, 580–81 (7th Cir. 2000) (noting that Rule 23(b)(2) certification does not ensure personal notice or an opportunity to opt out even if some or all of the plaintiffs pray for monetary damages).

Rule "23(b)(2) is the appropriate rule to enlist when the plaintiffs' primary goal is not monetary relief, but rather to require the defendant to do or not do something that would benefit the whole class." *Chicago Teachers Union, Local No. 1 v. Bd. of Educ. of City of Chicago*, 797 F.3d 426, 441 (7th Cir. 2015). Here, Plaintiff is attempting to accomplish the same – to obtain

---

[1] Plaintiff submitted a proposed order additionally asking that Jan Mensz be named class counsel. However, Plaintiff did not support this request as to Attorney Mensz in her Motion, and so the Court will decline to appoint Attorney Mensz as class counsel at this time.

declaratory and injunctive relief that is designed to benefit the whole class. Thus, the Rule 23(b)(2) requirement is met as to the Proposed Class.

### 7. Conclusion and Class Certification

Because Plaintiff has demonstrated that certification is appropriate pursuant to Fed. R. Civ. P Rule 23, the Court ORDERS that this case be certified as a class action. The Court certifies a class comprised of all persons with mobility impairments or other physical disabilities who access or attempt to access, or who will access or will attempt to access, the Pulaski County Courthouse. The class may pursue claims for relief under the ADA, 42 U.S.C. § 12131, et seq., and the Rehabilitation Act, 29 U.S.C. § 794. The Court appoints Plaintiff as representative of this class. Either party may petition the Court for modification of the class definition if subsequent evidence suggests that the class as defined is inappropriate. Fed. R. Civ. P. 23(c)(1)(C).

## C.  Appointment Of Class Counsel

Rule 23 requires that a court certifying a class also appoint class counsel. Fed. R. Civ. P. 23(c)(1)(B), (g). Class counsel must fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(a)(4). In appointing class counsel, the court must consider the following: "the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

As previously detailed, the Court finds that the Kenneth Falk at the ACLU of Indiana will fairly and adequately represent the interests of the class. Mr. Falk has reviewed and investigated the potential claims in this case, represents that he has experience in handling class action litigation, has knowledge of the law relative to the claim asserted, and has access to the resources that are necessary to represent the class. Therefore, in compliance with Rule 23(g)(1), and as requested by Plaintiff, Mr. Falk at the ACLU of Indiana is appointed as class counsel.

### III.　CONCLUSION

In conclusion, the Court hereby **GRANTS** Plaintiff's Motion to Submit Evidentiary Material [DE 23] as unopposed. Furthermore, because Plaintiff has demonstrated that certification is appropriate pursuant to Fed. R. Civ. P. Rules 23(a) and (b)(2), the Court **GRANTS** Plaintiff's Motion for Class Certification [DE 4]; **ORDERS** that this case be certified as a class action with the class defined as stated in Section II.B.7, above; and **APPOINTS** Kenneth Falk of the ACLU of Indiana as class counsel. Lastly, the Court **DIRECTS** the parties to meet and confer in order to draft a proposed notice of certification and to submit said proposed notice to the Court for its review and approval within thirty (30) days of this Order. No notice of certification shall be issued to any class members prior to having its contents approved by the Court.

SO ORDERED.

ENTERED: September 11, 2017

　　　　　　　　　　　　　　　　　　　　　　　　/s/ JON E. DEGUILIO
　　　　　　　　　　　　　　　　　　　　　　　Judge
　　　　　　　　　　　　　　　　　　　　　　　United States District Court