UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| EMILY HIZER, on her own behalf and on behalf of a class of those similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:16-cv-00885-JD-MGG |
| PULASKI COUNTY, INDIANA, | ) ) ) | |
| Defendant. | ) | |

**Amended Stipulation to Settle All Issues Contingent Upon Notice to the Class and Approval by the Court Following a Fairness Hearing Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure**

The parties, by their counsel, stipulate and agree as follows:

**Introduction**

1.  This action was filed by plaintiff Emily Hizer on December 27, 2016, on her own behalf and on behalf of a putative class, and alleges that the Pulaski County Courthouse is not readily accessible to persons with physical disabilities in violation of both the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794.

2.  On September 11, 2017, this Court certified this case as a class action pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, with the class defined as:

> all persons with mobility impairments or other physical disabilities who access or attempt to access, or who will access or will attempt to access, the Pulaski County Courthouse.

Accordingly, in this Stipulation, the term "plaintiffs" refer to Ms. Hizer and the class. The term "plaintiff" refers to Ms. Hizer.

3. The parties, through their counsel, have engaged in discussions and have reached a resolution of all matters pending in this matter and have set the agreement out below.

4. By entering into this Stipulation the defendant does not concede any wrongdoing in this matter and it continues to deny wrongdoing. However, the parties are desirous of attempting to reach a settlement of this matter and therefore they enter into this Stipulation. Plaintiffs stipulate that defendant's entry into this Stipulation is not an admission of any kind and imposes no liability on defendant or any of its agents, employees, officers, or other persons for any violation of law except as set out herein.

5. Inasmuch as there is a certified class in this action, Rule 23(e) of the Federal Rules of Civil Procedure requires that prior to approving this Stipulation the Court determine that it is a fair, reasonable, and adequate resolution of this matter. Plaintiffs' counsel and plaintiff currently believe that the agreement set out in this Stipulation is a fair, reasonable, and adequate resolution of this matter. However, under Rule 23 the Court cannot determine this until reasonable notice of the Stipulation is given to the class and the class has an opportunity to comment upon it. Therefore, even though this Stipulation has been approved by the defendant and by plaintiff, the parties agree that it cannot be approved until after the notice and fairness hearing required by Rule 23(e). The defendants and plaintiff therefore specifically agree that their approval of this Stipulation is contingent on the Court finding that the Stipulation is fair, reasonable, and adequate. In the event that the Court does not find that the Stipulation is fair, reasonable, and

adequate, this Stipulation will immediately be deemed null and void.  Plaintiffs will file, along with this Stipulation, a motion seeking approval of the form and manner of notice to the class of this Stipulation.

**Substantive agreement**

6. Since the filing of this action Pulaski County has altered the existing public restrooms in the Courthouse so that there are now two separate restrooms for the public, which have been certified as being fully compliant with the Americans with Disabilities Act and the Rehabilitation Act.  Plaintiffs therefore agree that no further action need be taken to make the bathrooms accessible as required by the Americans with Disabilities Act and the Rehabilitation Act.

7. Defendant agrees that it will install a new elevator in the Pulaski County Courthouse, fully compliant with the Americans with Disabilities Act and the Rehabilitation Act, no later than September 30, 2018. All floors of the Courthouse will be served by the elevator. Until such time defendant shall use its best efforts to keep the existing platform lift in operation, although plaintiffs acknowledge that there will be times when it will necessarily not be operable.  Defendant shall attempt to ensure that these times are kept at a minimum.  Defendant further agrees that during any time that the existing elevator is out of operation it will attempt, to the greatest extent possible, to provide temporary accommodations to minimize difficulties in attendance or participation by persons with physical disabilities in events or activities that take place on the upper floors of the Courthouse. Such accommodations may include, for example, moving meetings to accessible locations or sending county employees to accessible

locations to assist persons who are unable to access offices on non-accessible floors. The parties acknowledge that these are temporary measures only and will be in place only if there is no elevator service to the upper floors of the Courthouse.

8. After approval of this Stipulation by the Court, Pulaski County will pay to plaintiff $12,000 to satisfy any and all claims for attorneys' fees and costs accruing as of the time that the Stipulation is approved or prior to June 30, 2018, whichever date is later. In the event that the terms of this Stipulation are not complied with, and plaintiffs need to move forward with contempt or other actions to enforce this Stipulation, plaintiffs are entitled to seek reasonable attorneys' fees for their efforts in this regard although defendant reserves the right to contest any such entitlement and request.

9. Once the elevator is constructed and is certified as complying with the Americans with Disabilities Act and the Rehabilitation Act the parties agree to file a joint motion to dismiss this case without prejudice. In anticipation of this, the parties request that all matters in this case be stayed once this Stipulation is approved.

10. The parties will file a status report with this Court no later than March 1, 2018 to report as to the status of the construction of the new elevator.

WHERERFORE, the parties enter into this Stipulation and request that it be approved and made the Order of the Court following notice to the class and a fairness hearing, and for all other proper relief.

/s/ Kenneth J. Falk  
Kenneth J. Falk  
No. 6777-49

/s/ Alexander P. Will (w/permission)  
Alexander P. Will  
No. 23474-49

[4]

<table>
<tr><td>

Jan. P. Mensz  
No. 33798-49  
ACLU of Indiana  
1031 E. Washington St.  
Indianapolis, IN 46202  
317/635-4059  
fax: 317/635-4105  
kfalk@aclu-in.org  
jmensz@aclu-in.org  

</td><td>

Anthony W. Overholt  
No. 16481-49  
FROST BROWN TODD LLC  
201 N. Illinois Street, Suite 1900  
PO Box 44961  
Indianapolis, IN 46244  
317/237-3800  
fax:  317/237-3900  
awill@fbtlaw.com  
aoverholt@fbtlaw.com  

Kevin C. Tankersley  
No. 19732-66  
1600 S. U.S. Highway 35  
PO Box 363  
Winamac, IN 46996  
574/946-4819  
kevin@tanklaw.com  

</td></tr>
<tr><td>Attorneys for Plaintiffs</td><td>Attorneys for Defendant</td></tr>
</table>

0135525.0644609   4824-3248-4692v1