UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EMILY HIZER on her own behalf and on behalf of a class of those similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 3:16-CV-885-JD |
| PULASKI COUNTY, INDIANA, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

The parties have filed an Amended Stipulation to settle all issues in this case [DE 32] (the "Proposed Stipulation"), as well as an Amended Joint Motion to set the matter for a fairness hearing and approve notice to the class members pursuant to Fed. R. Civ. P. 23(e). [DE 33] For the reasons stated herein, the Court will preliminarily approve the Proposed Stipulation and set the matter for a final approval hearing.

## BACKGROUND

Plaintiff Emily Hizer, on her own behalf and on behalf of a class of those similarly situated, filed her complaint for declaratory and injunctive relief under the Americans with Disabilities Act (the "ADA") and the Rehabilitation Act (the "RA") against Pulaski County, Indiana, on December 27, 2016. [DE 1] On September 11, 2017, the Court certified this case as a class action under Fed. R. Civ. P 23(a) and (b)(2), approving a plaintiff class defined as:

> [A]ll persons with mobility impairments or other physical disabilities who access or attempt to access, or who will access or will attempt to access, the Pulaski County Courthouse.

[DE 25] The Court further directed the parties to submit a proposed notice of certification for review and approval by November 27, 2017. [DE 25; DE 29] On November 27, the parties filed

their original stipulation, joint motion for a fairness hearing, and proposed notice [DE 30; DE 31], but amended those documents shortly thereafter to reflect an adjusted timeline. [DE 32; DE 33 ¶ 1]

The underlying allegations have been set forth in the Court's September 11, 2017, Order, and need not be rehashed here. According to the current Proposed Stipulation, since the filing of this lawsuit, the County has adequately altered the public restrooms in the courthouse to make them fully compliant with the ADA and RA. [DE 32 ¶ 6] Plaintiffs agree that no further action need be taken with respect to the courthouse's restrooms. *Id.* The Proposed Stipulation further indicates that the County will install a new ADA- and RA-compliant elevator in the courthouse no later than September 30, 2018. *Id.* ¶ 7. In the meantime, the County will use its best efforts to keep the existing elevator in operation and will otherwise provide temporary accommodations for persons with physical disabilities who wish to make use of services or attend meetings held on the upper floors of the courthouse. *Id.* Upon the Court's final approval of this Proposed Stipulation, the County will pay Ms. Hizer $12,000, to be transferred to the ACLU of Indiana, a not-for-profit corporation, for attorneys' fees and costs accruing by the date of approval, or prior to June 30, 2018, whichever date is later. *Id.* ¶ 8. Once the elevator has been constructed and certified as compliant, the parties will file a joint motion to dismiss this case without prejudice. *Id.* ¶ 9. Attorneys for each side signed the Proposed Stipulation.

## DISCUSSION

Federal Rule of Civil Procedure 23(e) governs the voluntary dismissal of class actions:

> The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
> (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.

> (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
> (4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
> (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

Here, the Proposed Stipulation provides all of the injunctive relief sought in the class action complaint. [DE 1 at 13] This agreement appears to represent a fair, reasonable, and adequate compromise in light of the possibility of protracted litigation and disputed issues of liability.

The Court having reviewed the Proposed Stipulation and other submissions of the parties, and being otherwise fully advised, HEREBY ORDERS, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that:

1. The representations, agreements, terms, and conditions of the parties' Proposed Stipulation to dismiss, as embodied in the Amended Stipulation [DE 32], are preliminarily approved pending a final fairness hearing.

2. As previously indicated, for purposes of this lawsuit, Class Members are defined as follows:

> [A]ll persons with mobility impairments or other physical disabilities who access or attempt to access, or who will access or will attempt to access, the Pulaski County Courthouse.

3. If for any reason the proposed stipulation ultimately does not become effective, the parties shall notify the Court and return to their respective positions in this lawsuit as those positions existed immediately before the parties executed the proposed stipulation. In such a scenario, the parties shall meet and confer in order to draft a proposed notice of certification and to submit said proposed notice to the Court for its review and approval. Nothing stated in the Proposed Stipulation or in this Order shall be deemed an admission or waiver of any kind by any

of the parties or used as evidence against, or over the objection of, any party for any purpose in this action or in any other action or proceeding of any kind.

4. Having reviewed the parties' Joint Motion to Approve Form and Manner of Notice to Set Matter for Fairness Hearing [DE 33] and the attached proposed notice of hearing [DE 33-1], the Court hereby GRANTS the parties' Joint Motion, APPROVES the proposed notice (<u>except with respect to revisions ordered below</u>) and DIRECTS that:

   a. Class Counsel shall, within one week of this order, post the notice of hearing for at least 30 days in the following prominent, publicly accessible locations: (1) the first floor of the Pulaski County Courthouse; (2) the Pulaski County Government Office located at 125 Riverside Drive, in Winamac, Indiana; and (3) the Pulaski County Justice Center, located at 110 East Meridian Street, in Winamac, Indiana. The notice of hearing shall additionally be published as a legal notice for at least <u>four</u> consecutive weeks in the Pulaski County Journal. <u>Within 30 days after posting the notice, Class Counsel shall file with this Court a status report regarding any comments or objections received from the class members and whether, in the parties' estimation, the Proposed Stipulation remains fair, reasonable, and adequate under Fed. R. Civ. P. 23(e).</u>

   b. The notice of hearing form shall be substantially similar to the form provided and approved herein [DE 41-1], <u>EXCEPT the following revisions are ORDERED to be made</u>:

      - **In order to preserve the Class Members' rights to either comment *or* object, the final paragraph of the proposed notice shall be amended to and read in its entirety as follows:**
        I think this is an excellent settlement. As noted above, the case sought two things—accessible bathrooms and an accessible elevator—and the settlement guarantees both. However, as I also note above, you have the right to comment on and/or object to the proposed settlement. If you do have

- 4 -

comments and/or objections please contact me within 30 days of the date of this notice. I will summarize all the comments and/or objections received and present them to the Court so the Court can determine if the settlement should be approved. Your communication with me, your attorney, is confidential. Therefore, in the summary that I will make for the Court I will not attach your communication or mention your name or identifying information unless you ask me to do so. If you want your communication to be filed directly with the Court, please put the following language at its top. I AUTHORIZE AND DIRECT MY ATTORNEY TO FILE THIS LETTER WITH MY NAME AND OTHER INFORMATION WITH THE COURT. If this language is not in the letter your comments will be summarized without any mention of your name or other information that would identify you. The Court will review these summaries and any direct filings at a hearing to be held at 3:00 p.m. on March 15, 2018, before The Hon. Jon E. DeGuilio, in his first-floor courtroom of the United States Courthouse located at 204 S. Main Street, South Bend, IN 46601.

- **At the end of the notice, the following language shall be added:**
  This notice has been authorized by the United States District Court for the Northern District of Indiana. **The Court has taken no position in this case regarding the merits of the claims or the proposed settlement.**

5. The Court finds and determines that the notice of hearing given to Class Members in accordance with paragraph 4 herein constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the matters set forth to all persons entitled to receive notice, and fully satisfies the requirements of due process and of Rule 23 of the Federal Rules of Civil Procedure.

6. A hearing will be held before The Honorable Jon E. DeGuilio, United States District Judge, in his first floor courtroom at the United States Courthouse, 204 S. Main Street, South Bend, Indiana, 46601 at **3:00 p.m. on March 15, 2018** ("Final Approval Hearing"), to determine whether the Proposed Stipulation should be approved as fair, reasonable, adequate, and in the best interests of the Class. The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice.

7. <u>At least 14 days prior to the Final Approval Hearing</u>, Class Counsel shall file with this Court and serve a declaration certifying that notice has been posted as directed in this Order.

8. <u>At least 14 days prior to the Final Approval Hearing</u>, the parties (as agreed upon) are to request Final Approval of the Settlement, with the parties to jointly file a memorandum of points and authorities in support of the motion, and Class Counsel is to file a motion for approval of attorney's fees and costs consistent with Fed. R. Civ. P. 23(h).

9. The parties entered into the Stipulation out of a desire to reach a settlement in this matter. By entering into this Stipulation the defendant does not concede any wrongdoing in this matter and it continues to deny wrongdoing. Plaintiffs stipulate that the County's entry into this Stipulation is not an admission of any kind and imposes no liability on defendant or any of its agents, employees, officers, or other persons for any violation of law except as set out herein solely for the purpose of compromising and settling disputed claims.

10. The Court reserves the right to adjourn or continue the Final Approval Hearing, and any adjournment or continuance may be without further notice of any kind other than oral announcement at the Final Approval Hearing or at any later hearing.

SO ORDERED.

ENTERED: January 8, 2018

                                                            /s/ JON E. DEGUILIO
                                                            Judge
                                                            United States District Court