UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EMILY HIZER on her own behalf and on behalf of a class of those similarly situated, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>PULASKI COUNTY, INDIANA, )<br>)<br>Defendant. ) | Case No. 3:16-CV-885-JD |

### ORDER APPROVING SETTLEMENT AND ATTORNEYS' FEES AND COSTS

Plaintiff Emily Hizer brought this lawsuit on her own behalf and on behalf of a class of those similarly situated for declaratory and injunctive relief under the Americans with Disabilities Act (the "ADA") and the Rehabilitation Act (the "RA") against Pulaski County, Indiana. The parties have requested that this Court grant final approval of their proposed class action settlement (the "Amended Stipulation"), and Ms. Hizer has additionally moved for an award of attorneys' fees and costs. For the reasons discussed herein, the Court finds that the terms of the Amended Stipulation are fair, reasonable, and adequate, and consequently, the Court will approve the settlement and grant the motion for attorneys' fees and costs.

### PROCEDURAL BACKGROUND

Ms. Hizer filed this lawsuit on December 27, 2016. The underlying allegations of her complaint have been set forth in the Court's prior orders and need not be recounted here. On September 11, 2017, the Court certified the case as a class action under Fed. R. Civ. P 23(a) and (b)(2), approving a plaintiff class defined as:

1

> [A]ll persons with mobility impairments or other physical disabilities who access or attempt to access, or who will access or will attempt to access, the Pulaski County Courthouse.

[DE 25] In that same order, the Court appointed Mr. Kenneth Falk of the ACLU of Indiana as class counsel pursuant to Rule 23(g)(1). *See id.* On December 15, 2017, Ms. Hizer filed the parties' Amended Stipulation[1] and the parties jointly moved for approval of its proposed notice of settlement and to set the matter for a Final Approval Hearing. [DE 32; DE 33]

The Amended Stipulation makes clear that the County does not concede and continues to deny any wrongdoing in this matter, and plaintiffs stipulate that the Amended Stipulation is not an admission of any kind and imposes no liability on the County or its agents, employees, and officers. The Amended Stipulation informs that, since the filing of the lawsuit, the County has adequately altered the public restrooms in the courthouse to make them fully compliant with the ADA and RA. Plaintiffs agree that no further action need be taken with respect to the courthouse's restrooms. The Amended Stipulation further requires the County to install a new ADA- and RA-compliant elevator in the courthouse no later than September 30, 2018.[2] In the meantime, the County will use its best efforts to keep the existing elevator in operation and will otherwise provide temporary accommodations for persons with physical disabilities who wish to make use of services or attend meetings held on the upper floors of the courthouse. Upon the Court's final approval of the Amended Stipulation, the County is to pay Ms. Hizer $12,000.00, to be transferred to the ACLU of Indiana for attorneys' fees and costs accruing by the date of approval, or prior to June 30, 2018, whichever date is later. Once the elevator has been

---

[1] The "Amended Stipulation to Settle All Issues" is the operative settlement agreement. [DE 32] The parties previously submitted a separate stipulation to settle all issues [DE 30], but had to amend that document to reflect an adjusted timeline.

[2] At the Final Approval Hearing, counsel indicated that this date may need to be amended due to delays in construction.

constructed and certified as compliant, the Amended Stipulation states that the parties will file a joint motion to dismiss this case without prejudice. Attorneys for each side signed the Proposed Stipulation.

On January 8, 2018, the Court preliminarily approved the Amended Stipulation, subject to the right of any class member to challenge the fairness, reasonableness, or adequacy of its terms at the Final Approval Hearing. [DE 36] In that same order, the Court approved the proposed notice of settlement and Final Approval Hearing, with minor alterations, and scheduled the Final Approval Hearing for March 15, 2018. *See id.*

The Final Approval Hearing proceeded as scheduled in South Bend, Indiana, pursuant to Federal Rule of Civil Procedure 23(e)(2). Notice of the hearing was properly given by way of publication via posting in the Pulaski County Journal and at various local government offices (a method previously approved by the Court). Class counsel received no objections to the notice, and no one appeared at the Final Approval Hearing to object on the record.[3] The Court deemed the notice requirement satisfied.

On February 23, 2018, defense counsel served notice of the Amended Stipulation required by 28 U.S.C. § 1715 on the U.S. Department of Justice in Washington, D.C., and the Indiana Attorney General's Office in Indianapolis, Indiana by certified mail. [DE 44] Because this notice was served late, the Court allowed at least 90 days to pass between service of the notice and the entry of this Order in order to provide the government entities an opportunity to take an interest in this case. *See Adoma v. Univ. of Phoenix, Inc.*, 913 F. Supp. 2d 964, 973 (E.D.

---

[3] Class counsel indicated that, due to a change in office location, there was a period of time during which he was not receiving all of his mail, which might have included objections to the proposed settlement. However, class counsel also represented that the mail had since caught up, and the Court noted that the office move did not impact potential objectors' abilities to follow up with any returned mail via email or telephone; the move had no impact on that contact information.

Cal. 2012) (approving late notice to state and federal officials so long as 90 days passed between service of the notice and entry of an order granting final approval of the settlement). Those 90 days have lapsed and neither the Department of Justice nor the state's Attorney General's Office have responded to the notice, let alone enter an appearance in this matter. [DE 48]

## DISCUSSION

Turning to the relevant factors in determining whether the Amended Stipulation, taken as a whole, is "fair, reasonable and adequate," the Court first considers the strength of the plaintiffs' case balanced against the settlement terms. Here, the settlement terms provide the class with exactly what this lawsuit set out to obtain: an elevator and restrooms in the courthouse that are accessible to persons with physical disabilities and that are compliant with both the ADA and RA. In fact, the restrooms have already been renovated to compliance, and counsel represent that construction on the elevator is underway. Second, while no formal discovery has been conducted, class counsel did engage in some on-site investigation at the courthouse. At the Final Fairness Hearing, he indicated that no additional discovery would be necessary. This weighs in favor of approving the settlement. Third, even though this is not a complex case and no more discovery would be needed, without the Amended Stipulation's approval, counsel represents that the parties would nonetheless need to engage in summary judgment practice, which would increase the cost of this litigation. The cost of further litigation, while perhaps not overwhelming, weighs in favor of approving the Amended Stipulation. Fourth, no objections have been made to the Amended Stipulation, the class has remained silent in response to the notices, and counsel represent that the settlement was reached through arm's-length negotiations and without any collusion. These particular items all weigh in favor of approving the Amended Stipulation.

Importantly, class counsel's opinion is that the agreement contained in the Amended Stipulation is "a fair, reasonable, and adequate resolution of this matter." [DE 32 ¶ 5] This weighs in favor of approving the settlement, especially when considered in light of class counsel's extensive experience litigating class actions. [DE 25] Perhaps the most significant factor to the Court, however, is the settlement's inherently positive impact on the public interest. It is not only the privilege of citizens to participate in their own government – it is their right and their duty. The renovations mandated by the Amended Stipulation – namely, ensuring that the Pulaski County Courthouse is accessible at all levels in accordance with the ADA and RA – seek to remedy conditions that previously foreclosed individuals with physical disabilities from engaging and transacting with their local government. Left unaddressed, these conditions would seriously undermine the rights of many.

In addition, the Amended Stipulation includes an award of $12,000.00 made payable to Ms. Hizer in order to satisfy all claims for attorneys' fees and costs accruing as of the date of this Order. Contemporaneous with the instant joint motion for final approval of the settlement, Ms. Hizer has filed a motion for these attorneys' fees and costs. [DE 40] The County opposes neither the motion nor the award amount sought. However, "[t]hat no attorney's fees were charged to a client doesn't preclude the award of attorney's fees to the organizations that did the legal work once the plaintiffs prevailed." *Wirtz v. City of South Bend, Ind.*, No. 3:11-CV-325, 2012 WL 589454, at *1 (N.D. Ind. Feb. 17, 2012) (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984) ("[R]easonable fees" under § 1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel.")). Courts use a "lodestar" method of calculating a reasonable amount of fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 801-02 (2002). The lodestar is calculated as the number of hours

reasonably expended on a case multiplied by a reasonable hourly rate for each attorney. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). As recently as 2012, this Court has approved a local rate of $400.00 per hour for Mr. Falk's work in class actions based on civil rights. *See Wirtz*, 2012 WL 589454, at *2. Mr. Falk represents that his hourly rates during this case would ordinarily vary from $475.00 to $500.00 per hour, and that the rate of his co-counsel would be $325.00 per hour. [DE 40 at 2] However, when the total hours Mr. Falk and his co-counsel spent on this case are divided against the flat amount of $12,000.00 sought for fees and costs, the resulting approximate hourly rate for either attorney is much less than the previously approved rate of $400.00 per hour in *Wirtz* ($12,000.00 / 59.5 total hours = $201.68 per hour).[4] Based on Mr. Falk's expertise, the award of $12,000.00 is more than reasonable.

Ultimately, no one opposes the motion for fees and costs, and the Court finds that the fees are reasonable in light of the market price for similar legal services, the risk of non-payment, the work necessary to resolve the litigation, and the nature of the settlement reached. *See, e.g.*, *Sutton v. Bernard*, 504 F.3d 688, 692 (7th Cir. 2007). Again, there are no objections to any terms of the settlement, including the stipulation language for fees and costs, which shall be awarded under Rule 23(h).

Pursuant to Rule 23(e), the Court finds that the settlement should be given final approval because, taken as a whole, it is "fair, reasonable and adequate." To support this determination the Court relies on the parties' submissions and argument at the Final Approval Hearing detailing: the balance of the relief sought and what the settlement achieves; the expense and likely duration of further litigation; the lack of evidence suggesting any presence of collusion in reaching the settlement; the absence of objections to the proposed settlement or requests for exclusion by

---

[4] The Court's equation here is for illustrative purposes and need not account for the different hourly rates of Mr. Falk and his co-counsel.

settlement class members; the opinion of competent counsel; and the public interest in enforcing the provisions of the ADA and RA. Moreover, this settlement was reached following meaningful investigation conducted by class counsel, and the proposed settlement is a result of adversarial, arm's-length negotiation between the parties. Ultimately, the terms of the settlement in all respects are fair, adequate, and reasonable.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the joint motion for final approval of the class action settlement [DE 42] and GRANTS the motion for attorneys' fees and costs. [DE 40] Pursuant to Rule 23(e) of the Rules of Civil Procedure, the Court ORDERS as follows:

1. The parties' Amended Stipulation to Settle All Issues [DE 32] is FINALLY APPROVED as fair, reasonable, adequate, and in the best interests of the settlement class.

2. The Court APPROVES the application for an award of attorneys' fees and expenses in the amount of $12,000.00, made payable to Ms. Hizer, which the Court finds to be reasonable.

3. This order is binding on all class members, as no class members validly and timely excluded themselves from the settlement.

4. The Court ORDERS the parties to comply with the terms of the Amended Stipulation, which include, without limitation, Defendant's obligation to install a new ADA- and RA-compliant elevator in the courthouse by September 30, 2018. Should that date require amendment for any reason (i.e., delays in construction), the parties are to jointly notify the Court and provide a new date as soon as the delay becomes known to them.

5. This court retains continuing and exclusive jurisdiction over the parties and all matters relating to this case, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this Order.

6. The parties entered into the Amended Stipulation out of a desire to reach a settlement in this matter. By entering into the Amended Stipulation the defendant does not concede any wrongdoing and continues to deny wrongdoing. Plaintiffs stipulate that the County's entry into the Amended Stipulation is not an admission of any kind and imposes no liability on defendant or any of its agents, employees, officers, or other persons for any violation of law except as set out therein solely for the purpose of compromising and settling disputed claims.

7. The Court ORDERS that, pursuant to the Amended Stipulation, once the elevator is constructed and certified as ADA- and RA-compliant, the parties shall file a joint motion to dismiss this case, without prejudice. The Court will then rule accordingly on said motion.

8. On request of the parties in the Amended Stipulation, the Court hereby ORDERS that this case be STAYED until the parties file their joint motion to dismiss the matter following completion and certification of the new elevator.

SO ORDERED.

ENTERED: June 18, 2018

                                            /s/ JON E. DEGUILIO  
                                            Judge  
                                            United States District Court